IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent.              No. CR 89-0106 LKK JFM P

    vs.

RICHARD AICHELE,           ORDER AND

        Movant.             FINDINGS AND RECOMMENDATIONS

_____/

       Movant is a federal prisoner[1] proceeding in propria persona with a motion to amend his presentence report.  Respondent sought leave to file a late opposition to the motion.  Good cause appearing, respondent's request will be granted.  Respondent's opposition is deemed timely filed.

       Both movant and respondent agree that the PSI report contains an error in the number of years movant was sentenced to on a prior conviction referenced in the PSI report.  Moreover, respondent also conferred with the United States Probation Officer ("USPO") concerning this complaint and the USPO "concurs that Aichele's presentence report incorrectly states his sentence for the prior 1969 conviction of violating Cal. Penal Code Section 4573.6 as six months to fifteen years" (Response at 7) rather than the correct sentence of six months to _five_ years.  Movant avers that this error causes him collateral consequences in terms of his

---

[1]  Movant was sentenced on July 10, 1990 to 365 months in federal prison, and a 5 year term of supervised release.  (Response at 1.)

1  classification and housing in the federal prison system; movant seeks correction of the PSI report

2  and a re-calculation of his guideline score.

3            However, respondent contends that this court lacks jurisdiction to hear this

4  motion, the motion is barred by the statute of limitations and movant has failed to exhaust his

5  administrative remedies with the Board of Prisons.

6            To "provide[ ] for focused, adversarial development of the factual and legal issues

7  relevant to determining the appropriate Guidelines sentence," Burns v. United States, 501 U.S.

8  129, 134 (1991), Rule 32(c) requires a probation officer to conduct a presentence investigation

9  (PSI) and issue a report which the district court must consider in sentencing.  See Fed. R. Crim.

10  P. 32(c).  At least 35 days prior to sentencing, the PSI report must be disclosed to the defendant

11  and his attorney, see Fed. R. Crim. P. 32(e), and the district court must determine at sentencing

12  whether defendant and his attorney have had the opportunity to read and discuss the report, Fed.

13  R. Crim. P. 32(i).   Rule 32(f) provides that a defendant may challenge factual inaccuracies

14  contained in a PSI report within 14 days after receiving the report.  Id.

15            "[F]or any disputed portion of the presentence report or other controverted

16  matter– [the court must] rule on the dispute or determine that a ruling is unnecessary either

17  because the matter will not affect sentencing, or because the court will not consider the matter in

18  sentencing." Fed. R. Crim. P. 32(i)(3)(B).  A written record of such findings and determinations

19  shall be appended to and accompany any copy of the presentence investigation report thereafter

20  made available to the Bureau of Prisons or the Parole Commission.  Fed. R. Crim. P. 32(i)(3)(C).

21            Once the district court has heard objections to the report and has imposed

22  sentence, the district court's jurisdiction over the defendant becomes limited.  See, e.g., Fed. R.

23  Crim. P. 35 (district court may correct illegally imposed sentence only within seven days after

24  imposition of sentence); United States v. Johns, 638 F.2d 222, 224 (10th Cir.1981) (district court

25  lacks jurisdiction to consider Rule 35 motion to correct sentence after defendant's appeal is filed).

26  Thus, post-sentence challenges to a PSI report which are submitted to the district court must be

1  based on statutes or rules which give the district court jurisdiction to consider the challenge.  See

2  generally Knopp v. Magaw, 9 F.3d 1478, 1479 (10th Cir.1993) (subject matter jurisdiction must

3  attach before district court may exercise its power).

4         The language of Rule 32(i)(3)(B) presumes that objections to the PSI report will

5  be dealt with only as they affect sentencing, and contemplates that movant must challenge errors

6  contained in the PSI report prior to the imposition of sentence and ensures that movant receives

7  (1) a fair sentence based on accurate information and (2) a clear record of the resolution of

8  disputed facts.  See United States v. Gattas, 862 F.2d 1432, 1434 (10th Cir.1988) (noting these

9  two important functions of Rule 32); see also United States v. Engs, 884 F.2d 894, 896 (5th

10  Cir.1989) (rule contemplates objections to PSI report prior to sentencing when resolution of

11  disputed matters will most benefit defendant); United States v. Freeny, 841 F.2d 1000, 1002 (9th

12  Cir.1988) (Rule 32 allows challenge to presentence report during imposition of sentence, not

13  later).  Thus, "the language of Rule 32. . . offers no basis for empowering the sentencing court to

14  hear postsentence challenges to [a] PSI report."  Engs, 884 F.2d at 896.  Rule 32, standing alone,

15  cannot provide a district court with jurisdiction to hear challenges to a presentence report once

16  sentence has been imposed.[2]  See id.; United States v. Catabran, 884 F.2d 1288, 1289 (9th

17  Cir.1989); United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir.1989); United States v. Sarduy,

18  838 F.2d 157, 158 (6th Cir.1988); United States v. Fischer, 821 F.2d 557, 558 (11th Cir.1987).

19  Thus, the motion to amend should be denied for lack of jurisdiction to consider the matter.

20         Although this court lacks jurisdiction to consider the motion under Fed. R. Crim.

21  P. 32, pro se pleadings must be construed liberally.  The court has considered whether to construe

22  the motion as a § 2255 motion.  However, in the instant case, this court declines to construe the

23

24      [2] The advisory committee notes to Fed. R. Crim. P. 32 indicate that a defendant has a continuing interest in an accurate and reliable presentence report after the imposition of sentence,

25  but nothing suggests Rule 32 creates a jurisdictional basis for federal district courts to hear a postsentence application to correct a presentence report.  See, e.g., United States v. Ursillo, 786 F.2d 66, 70 (2d Cir.1986) (advisory committee notes inconclusive as to whether Rule 32

26  provides jurisdictional basis for postsentence attack on presentence report).

1   Rule 32 motion as a § 2255 motion because it is apparent from the movant's filing that he did not

2   intend the motion to be so construed.  Movant has previously filed two § 2255 motions; one was

3   heard on the merits.  The other was denied as successive.  Thus, any subsequent § 2255 motion

4   would be subject to challenge as successive.  See Rule 9(b) of the Rules Governing Section 2255

5   Proceedings (successive petition may be dismissed if new and different grounds for relief are

6   alleged).  Accordingly, this court declines to construe the Rule 32 motion as a § 2255 motion.

7        The court has also considered whether the presentence report could be amended

8   pursuant to Fed. R. Crim. P. 36.  Rule 36 provides that clerical mistakes in judgments, orders or

9   other parts of the record "may be corrected by the court at any time."  Id.; see also United States

10  v. Knockum, 881 F.2d 730 (9th Cir. 1989)(district court ordered to forward a transcript of the

11  sentencing hearing to the Bureau of Prisons to be attached to the PSI report based on Fed. R.

12  Crim. P. 36.)  Motion to vacate sentence could be construed as including motion for relief under

13  rule relating to correction of sentence, to correct clerical error of district court in failing to attach

14  to presentence report written finding that it did not take controverted matters into account in

15  sentencing.  Doganiere v. U.S., 914 F.2d 165 (9th Cir. 1990), cert. denied, 499 U.S. 940 (1991).

16       However, the rule permitting correction of clerical mistakes in records arising

17  from oversight or omission did not permit substantive modification of erroneous sentence.  U.S.

18  v. Kuhl, 816 F.Supp. 623 (S.D.Cal.1993).

19       Because movant seeks re-calculation of his sentence under the sentencing

20  guidelines, the court may not correct this error under Fed. R. Crim. P. 36.  Any claims concerning

21  incorrect calculation of his sentence under the guidelines must be challenged by motion to

22  vacate, set aside or correct the sentence under 28 U.S.C. § 2255.  But, as noted by respondent,

23  such a motion would be time-barred as movant only had one year to file such a motion.

24  /////

25  /////

26  /////

4

1    The statute of limitations with respect to § 2255 motions reads as follows:

2    1-year period of limitation shall apply to a motion under this
3    section.  The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;
4
    (2) the date on which the impediment to making a motion created
5    by governmental action in violation of the Constitution or laws of
    the United States is removed, if the movant was prevented from
6    making a motion by such governmental action;

7    (3) the date on which the right asserted was initially recognized by
    the Supreme Court, if that right has been newly recognized by the
8    Supreme Court and made retroactively applicable to cases on
    collateral review; or
9
    (4) the date on which the facts supporting the claim or claims
10    presented could have been discovered through the exercise of due
    diligence.
11

12 28 U.S.C. § 2255 ¶ (6).

13    Movant's conviction became final on July 24, 1990, when the time within which

14 movant could file an appeal expired.  See Fed. R. App. P. 26(a) & 4(b)(1)(A)(i); U. S. v. Colvin,

15 204 F.3d 1221, 1224 (9th Cir. 2000).  Under section (1) of the statute of limitations, the

16 limitations period expired on July 23, 1991.  Movant filed the instant motion on June 21, 2007.

17 Movant has presented no evidence of government impediment or newly-recognized Supreme

18 Court authority.  The facts supporting this claim could have been discovered at sentencing by a

19 careful review of the PSI report.  Movant has made no argument in support of equitable tolling.

20 Equitable tolling of the limitations period is available "if extraordinary circumstances beyond a

21 prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104,

22 1107 (9th Cir. 1999).  Given the length of time, it is unlikely movant could demonstrate such

23 extraordinary circumstances covering the 16 year period of time.

24    Finally, the court notes that movant is not without recourse to accomplish the

25 correction of this clerical error through administrative channels.  Movant may seek correction of

26 the error and re-calculation of his sentence by pursuing his administrative remedies with the

Bureau of Prisons.  The Bureau of Prisons has administrative procedures in place to accomplish

corrections in the PSI report.  (See Resp.'s August 3, 2007 Response at 6-7; Ex. 1.)

        IT IS HEREBY ORDERED that respondent's August 3, 2007 request for late

filing is granted; the opposition is deemed timely filed.

        IT IS HEREBY RECOMMENDED that movant's June 21, 2007 motion to amend

his presentence report be denied.

        These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 5, 2007.

                                                       UNITED STATES MAGISTRATE JUDGE

001;aich0106.257